IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SYLVESTER JUAQUEE,
    Plaintiff

v.

PIKE COUNTY CORRECTIONAL
FACILITY EMPLOYEES, ET AL.,
    Defendants

CIVIL NO. 3:12-CV-1PER

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

## MEMORANDUM

On February 16, 2012, Plaintiff, Sylvester Juaquee, an inmate formerly confined at the Pike County Prison in Lords Valley, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Pennsylvania challenging his conditions of confinement. (Doc. 1). On May 21, 2012, the Eastern District Court entered an Order transferring the action to this Court because the Pike County Correctional Facility is located in the Middle District of Pennsylvania. (Docs. 14-15). On July 5, 2012, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that Plaintiff's complaint lacks merit and should be dismissed without prejudice. (Doc. 17). The Magistrate Judge recommends that Plaintiff be afforded an opportunity to file an amended complaint to cure the deficiencies identified in the R&R. (Id.). On July 13, 2012, Plaintiff filed a letter requesting time to obtain counsel. (Doc. 18). This is the last filing by Plaintiff. On October 18, 2012, Defendants filed a motion to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure stating that Plaintiff is no longer housed at the Pike County Correctional Facility and that he failed to update the Court with his address. (Docs. 19-20). Defendants attach exhibits showing that Plaintiff's mail has consistently been returned by the prison because he is no longer incarcerated. (Id.). For the

reasons set forth below, Defendant's motion will be granted.

**Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure allows for dismissal of an action for a plaintiff's failure to prosecute or comply with orders of the court. See Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962); Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982). When determining whether to dismiss an action for a plaintiff's failure to prosecute under Rule 41(b), the district court must balance the six (6) factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868.[1]

Here, after balancing of the Poulis factors, this Court will dismiss the complaint. See Binsack v. Lackawanna County Dist., 2011 U.S. Dist. LEXIS 134245 (M.D. Pa. 2011) (Caputo, J.) (dismissing the complaint pursuant to Rule 41(b) and M.D. Pa. Local Rule 83.3.1 for failure to prosecute). First, it is Plaintiff's sole responsibility to inform the Court of a change of address. Specifically, Local Rule 83.18 requires any unrepresented party to "maintain on file with the clerk a current address." M.D. Pa. L.R. 83.18. As to the second factor, Defendants have made

---

[1]Not all of the Poulis factors need be satisfied to dismiss a complaint. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992); C.T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988).

2

numerous attempts to locate Plaintiff. See (Docs. 19-20). Plaintiff's failure to respond to the R&R by filing objections or an amended complaint, and his failure to oppose the motion to dismiss have delayed disposition of the case. Plaintiff's last communication with this Court was on July 13, 2012. See (Doc. 18). Further, Plaintiff filed another action in the United States District Court for the Eastern District of Pennsylvania after the instant action was transferred, but the Court dismissed the claims pursuant to Rule 41(b). (Id.). This Court also notes that Plaintiff was in custody pursuant to an immigration detainer and his failure to update the Court as to his current address is likely a result of his deportation, which if true could postpone the case indefinitely. Next, in light of the attempts of this Court, of the Eastern District Court, and of Defendants to locate and serve Plaintiff, he has shown a history of dilatoriness and wilful conduct. Fifth, there are no alternative sanctions because the Court is unable to communicate with the pro se Plaintiff. Regarding the sixth factor, Magistrate Judge Carlson has determined that the complaint, as filed, fails to set forth a meritorious claim. (Doc. 17). Upon review of the R&R and after balancing all the Poulis factors, this Court will grant Defendant's motion to dismiss pursuant to Rule 41(b) for failure to prosecute. See Sutton-El v. Bledsoe, 2012 U.S. Dist. LEXIS 171940, *5-6 (M.D. Pa. 2012) (Mannion, M.J.) (dismissing the complaint pursuant to Rule 41(b) after balancing the Poulis factors), adopted by, 2012 U.S. Dist. LEXIS 169245 (M.D. Pa. 2012) (Kosik, J.). In light of this decision, the R&R will be denied as moot.

A separate Order will be issued.

Date: February 1, 2013

United States District Judge

3